**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-03099-01-CR-S-MDH |
| | ) | |
| TIMOTHY A. CROSBY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATIONS

Before the Court is Defendant's Motion for Reconsideration and Request for Leave to File Specific Pretrial Motions Out of Time, filed on August 11, 2026. (Doc. 30.) Defendant moves for leave to file two specific pretrial motions after the time to do so has expired. In accordance with Local Rule 72.1, this action has been referred to the undersigned to prepare a report and recommendations on all motions to dismiss an indictment made by a defendant and all motions to suppress evidence. The Government did not file a response to the Motion, and Defendant filed a Supplemental Notice. (Doc. 36.) On September 15, 2026, the undersigned conducted a hearing on the Motion. (Doc. 37.) The Government appeared by Assistant U.S. Attorney Ami Miller and Defendant appeared in person with counsel Abe McGull. As follows, it is recommended that the Motion be granted in part and denied in part.

### I. Findings

On May 19, 2026, a Grand Jury returned a three-count Indictment, charging Defendant as follows:

**COUNT 1**

On or about April 16, 2026, in Greene County, in the Western District of Missouri, the defendant, **TIMOTHY A. CROSBY**, knowing that he had

> previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, that is, specifically a Mossberg shotgun bearing serial number P844916, and a Heritage Manufacturing revolver with an obliterated serial number, which had been transported in interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).
>
> **COUNT 2**
>
> On or about April 16, 2026, in Greene County, in the Western District of Missouri, the defendant, **TIMOTHY A. CROSBY**, knowingly received and possessed a firearm, that is, a Mossberg shotgun with a barrel less than 18 inches in length, bearing serial number P844916, not registered to him in the National Firearms Registration and Transfer Record, all in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.
>
> **COUNT 3**
>
> On or about April 16, 2026, in Greene County, in the Western District of Missouri, the defendant, **TIMOTHY A. CROSBY**, knowingly received and possessed a firearm, that is, a Heritage Manufacturing revolver, which had the serial number and other identification required by chapter 53 of Title 26, obliterated, as the defendant knew, all in violation of Title 26, United States Code, Sections 5842, 5861(h), and 5871.

(Doc. 14.)

On May 26, 2026, Defendant appeared for arraignment with appointed counsel Steven Berry. (Doc. 18.) On that date, the undersigned issued a Scheduling and Trial Order which set a clear and unambiguous deadline of June 25, 2026, for any relevant pretrial motions and a trial date of July 6, 2026. (Doc. 19.) Shortly thereafter, Defendant moved for and was granted a continuance of the trial, to November 30, 2026. (Doc. 22.)

On June 12, 2026, the Government provided "the entirety of all the discovery" to Defendant. (Doc. 38 at 8.) The discovery consists of 208 pages of documents, including the search warrant, the search warrant return, and 75 pages of photographs. *Id*.

On July 29, 2026, at the request of Mr. Berry, a status conference was held. (Doc. 26.) After the status conference, the undersigned appointed new counsel, Mr. McGull, to represent Defendant. (Doc. 27.)

Then, on August 10, 2026, Defendant filed a Motion to File Pretrial Motions Out of Time. (Doc. 28.) Defendant requested an extension of time to September 5, 2026, to file any pretrial motions, on the basis that Mr. McGull was appointed to represent him on July 29, 2026. *Id*. By Order entered August 11, 2026, the undersigned denied the Motion to File Pretrial Motions Out of Time for failing to show cause. (Doc. 29.) Later that day, Defendant filed the instant Motion.

On September 9, 2026, a Grand Jury returned a three-count Superseding Indictment against Defendant. (Doc. 33.) Counts 1 and 2 remain unchanged from the original Indictment, but the statutory basis for Count 3 changed as follows:

> On or about April 16, 2026, in Greene County, in the Western District of Missouri, the defendant, **TIMOTHY A. CROSBY**, knowingly possessed and received a firearm, that is a Heritage Manufacturing revolver, that had been shipped and transported in interstate and foreign commerce, from which the manufacturer's serial number had been removed, altered and obliterated, as the defendant knew, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

*Id*.

The action remains set for jury trial on the Joint Criminal Trial Docket which commences on November 30, 2026.

## II. Conclusions

Rule 12(b)(3) of the Federal Rules of Criminal Procedure sets forth defenses, objections, and requests that "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." The court may set a deadline for pretrial motions but may still consider an untimely pretrial motion upon a showing of "good cause." Fed. R. Crim. P. 12(c); see also *United States v. Reichel*, 911 F.3d 910, 916 (8th

Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011). Notably, "appointment of new counsel is not good cause for filing an untimely motion." *United States v. Dabney*, 42 F.4th 984, 989 (8th Cir. 2022).

In the Motion, Defendant seeks leave to file two specific motions. First, he asks for leave to file a motion to suppress evidence seized from 901 W. Portland Street based on an alleged insufficiency of the trash-pull nexus and the breadth of the warrant. (Doc. 30 at 1.) Second, Defendant requests leave to file a motion based on intervening authority addressing the constitutionality of Count 2, which charges possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (the "National Firearms Act").[1]

Additionally, in the Supplemental Notice, Defendant asks the Court to reset the pretrial motion deadline as to motions "arising from or materially affected by" the September 9, 2026, Superseding Indictment. (Doc. 36 at 3-4.)

**a. Motion to suppress evidence**

First, Defendant seeks leave to file a motion to suppress evidence seized from 901 W. Portland Street based on alleged insufficiency of the trash-pull nexus and the breadth of the warrant. (Doc. 30 at 1.) Specifically, Defendant states that his proposed motion to suppress evidence "challenges the warrant for 901 W. Portland Street on the ground that the affidavit did not establish a reliable connection between the trash-pull evidence and the residence." (Doc. 30

[1] In the Motion, Defendant also seeks leave to address the constitutionality of Count 3 of the original Indictment based on the same intervening authority. (Doc. 30 at 2.) However, because Defendant is no longer charged under the National Firearms Act in Count 3 of the Superseding Indictment, this request is moot.

at 3-4.) Thus, he seeks to suppress the Mossberg shotgun, the Heritage Manufacturing revolver, and related evidence seized from the residence as relevant to all three Counts. *Id*. at 1-2. At the hearing, Mr. McGull explained further that he "was able to identify some Fourth Amendment issue that goes to the evidence supporting the original Indictment." (Doc. 38 at 3.) He also argued that the Superseding Indictment changed the case

> in a meaningful way after the deadline. The original Indictment charged Count 3 under the National Firearms Act. The Superseding Indictment changed that Count 3 to a Gun Control Act, which is not a typographical correction, but it challenged the statutory basis and the legal framework of the firearm count.

*Id*. at 4. Mr. McGull concedes, however, that there is no new evidence in support of the Superseding Indictment, as the evidence supporting the charges in the Superseding Indictment is the same as the evidence that supported the original Indictment. *Id*. at 7.

Per Rule 12(b)(3), a motion to suppress evidence must be raised by the deadline for pretrial motions "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."

In this matter, Defendant states that after the appointment of Mr. McGull on July 29, 2026, he identified omissions in the affidavit based on a review of the warrant materials and legal research. Defendant further claims that "prior counsel's omission is understandable in context and should not be treated as a strategic waiver by Defendant." To the extent Defendant is alleging ineffective assistance by prior counsel, such an argument is both conclusory and premature and thus will not be considered, as the outcome of this action has yet to be determined. *See United States v. Hawkins*, No. 11-4016-01-CR-C-NKL, 2011 WL 13183074 at *1 (W.D. Mo. Oct. 6, 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984)). Rather, the evidence shows that the entirety of the discovery was provided to Defendant on June 12, 2026. Furthermore, the Eighth Circuit cases purportedly supporting Defendant's position were decided in 2015, 2008, and

2003. (Doc. 30 at 4.) Thus, the basis for Defendant's proposed motion to suppress evidence, specifically the search warrant, the warrant return, and the legal authority, was reasonably available on June 12, 2026, prior to the June 25, 2026, deadline to file pretrial motions. Despite this, Defendant did not file any motion to suppress evidence by the pretrial motion deadline, nor did he timely move for an extension of the pretrial motion deadline.

Therefore, contrary to Defendant's assertions, his argument rests on nothing more than the fact that new counsel was appointed, which is insufficient to establish good cause. See *Trancheff*, 633 F.3d at 698 ("the retention of new counsel [is] not by [itself] sufficient to establish good cause."). Defendant's additional argument regarding the impact of the September 9, 2026, Superseding Indictment does not alter this conclusion. As Defendant concedes, although the Superseding Indictment changes the statutory basis for Count 3, it does not affect the evidence he seeks to suppress nor the circumstances thereof. Thus, Defendant has failed to show that the basis for the proposed motion for suppression of evidence was not reasonably available prior to the June 25, 2026, deadline. As a result, Defendant has failed to show cause for an extension, and the Court should deny leave to file the proposed motion for suppression of evidence.

In summary, good cause requires a showing of "both cause *and* prejudice." *Fogg*, 922 F.3d at 391 (emphasis added). Since the undersigned concludes that Defendant has failed to show cause for his failure to file the proposed motion for suppression of evidence on or before the original deadline, the analysis may end here.

**b. Motion addressing the constitutionality of Count 2**

Second, Defendant moves for leave to file a motion based on intervening authority addressing the constitutionality of Count 2, which charges possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (the "National Firearms

Act"). The authority cited, *Silencer Shop Found. v. Bureau of Alcohol*, No. 6:25-CV-056-H, 2026 WL 2255460, was decided by the Northern District of Texas on August 5, 2026, after the pretrial motion deadline had passed and only six days before the Motion was filed. And, according to Defendant, this decision presents a basis for a challenge to the constitutionality of the National Firearms Act as applied to untaxed firearms such as short-barreled shotguns, at issue in Count 2. (Doc. 30 at 6.) At the hearing, the Government stated it is "not sure that case would apply in the instant case," but had no objection otherwise. (Doc. 38 at 9.)

Upon review, Defendant has shown both cause and prejudice as to the proposed motion challenging the constitutionality of Count 2 based on the intervening authority. Therefore, as to this specific motion, leave to file out of time should be granted.

**c. Pretrial motions as to the Superseding Indictment**

Lastly, in his Supplemental Notice, Defendant moves for an extension of the deadline to file pretrial motions "arising from or materially affected by the September 9, 2026, Superseding Indictment." (Doc. 36 at 3-4.) Counts 1 and 2 of the Superseding Indictment remain unchanged from the original Indictment. However, while Count 3 of the original Indictment charged Defendant with violating 26 U.S.C. §§ 5842, 5861(h), and 5871 of the National Firearms Act, the Superseding Indictment changed the statutory basis for Count 3 to 18 U.S.C. §§ 922(k) and 924(a)(1)(B) of the Gun Control Act. But, as acknowledged by Defendant, the Superseding Indictment did not alter the evidentiary basis for Count 3, that being the alleged receipt/possession of the Heritage Manufacturing revolver with an obliterated serial number. (Doc. 38 at 7.)

Under these circumstances, an extension of time to file pretrial motions pursuant to Rule 12(b)(3) is warranted, but only as to Count 3 of the Superseding Indictment. Furthermore, the extension should be limited to motions alleging a defect in instituting the prosecution pursuant to

Rule 12(b)(3)(A) and motions alleging a defect in the Superseding Indictment pursuant to Rule 12(b)(3)(B).

## III. Recommendations

Based on the foregoing, the relief requested in Defendant's Motion for Reconsideration and Request for Leave to File Specific Pretrial Motions Out of Time and Defendant's Supplemental Notice should be granted in part and denied in part.

First, as for the proposed motion to suppress evidence, Defendant has failed to show cause for its untimeliness. Specifically, Defendant failed to show that the basis for the proposed motion to suppress evidence was not reasonably available to him prior to the original deadline of June 25, 2026, which passed over six weeks before the filing of the Motion. The appointment of new counsel on July 29, 2026, does not alter this conclusion. Therefore, the request for leave to file the proposed motion to suppress evidence out of time should be denied.

Second, as for the proposed motion addressing the constitutionality of Count 2 based on intervening authority, Defendant has shown good cause for the untimeliness. Therefore, the request for leave to file the proposed motion challenging the constitutionality of Count 2 should be granted.

Finally, as requested in Defendant's Supplemental Notice, an extension of 30 days to file pretrial motions should be granted, but only as to Count 3 of the Superseding Indictment and pursuant to Rules 12(b)(3)(A) and 12(b)(3)(B) of the Federal Rules of Criminal Procedure.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: September 24, 2026